IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Michael R. Pass, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 0:15-cv-208-TLW |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Plaintiff, Michael R. Pass ("Plaintiff"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 10-2). This matter is before the Court for review of the Report and Recommendation ("the Report") filed on November 24, 2015 by United States Magistrate Judge Paige J. Gossett, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC. (ECF No. 22). In the Report, the Magistrate Judge recommends that the Commissioner's decision be affirmed. Plaintiff filed objections to the Report on December 12, 2015. (ECF No. 23). The Commissioner filed a reply to the objections on December 18, 2015. (ECF No. 24). The matter is now ripe for disposition.

The Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

Plaintiff's objections to the Report (ECF No. 23) include an allegation that the Administrative Law Judge proposed a resolution to the case based in something other than the evidence presented. Plaintiff also objects that the Administrative Law Judge did not weigh the evidence properly and that his report did not completely account for the effects of Plaintiff's impairments in the Residual Functional Capacity. The Commissioner filed a response to the objections asserting the Magistrate Judge carefully considered this case and that the objections should be overruled. (ECF No. 24.)

It is evident in the Administrative Law Judge's report that the Administrative Law Judge spent a significant amount of time discussing the abundance of medical evidence, the medical opinions presented, the weight of those opinions, and the effects of Plaintiff's combined impairments in making a final decision to deny benefits. In addition, the Magistrate Judge thoroughly examined Plaintiff's allegations, and it is evident from her detailed and lengthy Report that she reviewed the record comprehensively in making her recommendation. After careful consideration, the Court finds that there was significant review of the evidence reflected in the

Administrative Law Judge's report, and it is clear that the Administrative Law Judge reviewed the evidence in great detail.

The Court has carefully reviewed the Magistrate Judge's thorough Report and Recommendation, the objections thereto, and all other relevant filings and memoranda. It is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED**. (ECF No. 22). For the reasons articulated by the Magistrate Judge, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

s/ *Terry L. Wooten*_____
TERRY L. WOOTEN
Chief United States District Judge

February 3, 2016
Columbia, South Carolina